IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL CHESSHIR; and
JENNIFER CHESSHIR                                                                                    PLAINTIFFS

v.                                              Case No. 4:14-cv-04162

DOUBLE JAY SUPPLY COMPANY;
BRADLEY TAYLOR d/b/a TAYLOR &
TAYLOR DEVELOPMENT, LLC;
MOLLY TAYLOR d/b/a TAYLOR &
TAYLOR DEVELOPMENT, LLC;
JANELLE WHITE d/b/a TAYLOR &
TAYLOR DEVELOPMENT, LLC;
TAYLOR & TAYLOR DEVELOPMENT,
LLC; BRADLEY TAYLOR; MOLLY
TAYLOR; and JANELLE WHITE                                                                     DEFENDANTS

**<u>ORDER</u>**

Before the Court is the Motion to Strike Taylor & Taylor Development, LLC's Answer to Complaint (ECF No. 16), Motion to Strike Bradley Taylor's Answer to Complaint (ECF No. 17), Motion to Strike Molly Taylor's Answer to Complaint (ECF No. 18), and Motion to Strike Janelle White's Answer to Complaint (ECF No. 19). Defendants Taylor & Taylor Development, LLC, Bradley Taylor, Molly Taylor, and Janelle White have filed a response to these motions. (ECF No. 21). The Court finds these matters ripe for its consideration.

The Court first notes that Plaintiffs' Motions to Strike Defendants' Answers are exactly the same and will consider those together. Plaintiffs' jurisdictional arguments have been addressed by the Court in its Order denying Plaintiffs' Motion to Remand, and will not be addressed again.[1]

---

[1] The Plaintiffs have added an additional case for the Court's consideration, *Hotfoot Logistics, LLC v. Shipping Point Marketing, Inc.*, 2014 Ark. 460 (2014). This motion is not the proper avenue to raise additional arguments to support remand. Even if it were, the Court finds the *Hotfoot* case adds nothing to Plaintiffs' arguments already raised in their Motion to Remand. It stands for the proposition that Arkansas courts have jurisdiction over a party that has minimum contacts with the state. Because it has been established that Defendants have minimum contacts with the state of Arkansas, this Court can exercise jurisdiction over them.

Plaintiffs' argument that the answers should be stricken due to Arkansas Code Annotated § 18-44-118 will be denied, as their argument that Defendants did not comply with filing deadlines was denied by the Court's Order denying their Motion to Remand.

Plaintiffs next assert that Taylor & Taylor cannot bring an action to enforce a provision of a residential contract under Arkansas Code Annotated § 18-44-115(a)(4). First, the Court notes that Taylor & Taylor is not the party bringing the action, rather the Chesshirs have filed this lawsuit and are the plaintiffs in this case. The Plaintiffs' reference to paragraph 123 in Taylor & Taylor, LLC's Answer (ECF No. 11) is a paragraph asserting Defendant Taylor & Taylor's affirmative defense that the proper forum for this litigation is arbitration. The Court will not interpret this affirmative defense as the Defendants "bringing an action." Therefore, the Court will deny the request to strike the affirmative defense.

The remainder of Plaintiffs' Motion requests that the Court strike certain paragraphs of the Answer to which Plaintiffs disagree. The Court will not strike a portion of Defendant's Answer on that basis.

Accordingly, Plaintiffs' Motions to Strike Defendants' Answers (ECF Nos. 16, 17, 18 & 19) are **DENIED**.

**IT IS SO ORDERED**, this 6th day of April, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge