IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MICHAEL CHESSHIR; and<br>JENNIFER CHESSHIR | | PLAINTIFFS |
| v. | Case No. 4:14-cv-04162 | |
| DOUBLE JAY SUPPLY COMPANY;<br>BRADLEY TAYLOR d/b/a TAYLOR &<br>TAYLOR DEVELOPMENT, LLC;<br>MOLLY TAYLOR d/b/a TAYLOR &<br>TAYLOR DEVELOPMENT, LLC;<br>JANELLE WHITE d/b/a TAYLOR &<br>TAYLOR DEVELOPMENT, LLC;<br>TAYLOR & TAYLOR DEVELOPMENT,<br>LLC; BRADLEY TAYLOR; MOLLY<br>TAYLOR; and JANELLE WHITE | | DEFENDANTS |

**ORDER**

Before the Court is the Plaintiffs' Motion to Remand. (ECF No. 15). The Defendants have responded. (ECF No. 22). The Court finds this matter ripe for its consideration. For the reasons stated herein, the Court finds that Plaintiffs' Motion to Remand should be DENIED.

I. Background

On or about December 11, 2012, Taylor & Taylor and the Chesshirs entered into a construction contract regarding property owned by the Chesshirs at 3711 Jack Cullen Drive in Texarkana, Arkansas. The instant Complaint is based on a contractual relationship between the Chesshirs and Double Jay.

On October 31, 2014, Plaintiffs filed this Complaint in Miller County, Arkansas Circuit Court. In the Complaint, the Chesshirs made the following claims against Defendants: (1) Failure to Comply to Form of Lien; (2) Failure to Comply with Applicable Requirements of Lien; (3) Slander of Title; (4) Failure to Defend Owner from Lien Claimants; and (5) Slander of Title. Defendants

removed the case to this Court on December 10, 2014. Plaintiffs filed the instant Motion to Remand on December 22, 2014.

Plaintiffs assert that this case should be remanded because the Notice of Removal was untimely filed, the Court lacks personal jurisdiction over Plaintiffs, and the Court lacks subject matter jurisdiction over the action.

I.  Discussion

A.  Timeliness of Responsive Pleading

The Chesshirs argue that Ark. Code Ann. § 18-44-118(f)(3)(B) and the Arkansas Supreme Court's holding in *Allstate Ins. Co. v. Bourland*, 758 S.W.2d 700 (Ark. 1988) instruct that the causes of action should be remanded since Defendants did not remove their action within five (5) days of the filing of the Notice to Discharge the Lien. Defendants respond that the lien was discharged before the Chesshirs filed their lawsuit, and thus the filing of the Notice to Discharge was moot as the Chesshirs had not suffered an injury which could be redressed by the state court. Further, even if the filing was not moot, the Arkansas statute does not alter Defendants' time to remove the case to federal court to respond to the remaining allegations in the Complaint.

Defendants' Notice of Removal was timely. Congress, in 28 U.S.C. § 1146(b), affords defendants 30 days to file their notice of removal after receipt of a copy of the initial pleading. The *Bourland* decision from the Arkansas Supreme Court is inapposite. In that case, the Court held that the filing of an answer in federal court when removal was not effected properly in state court did not protect the defendant from a default judgment in state court. Those are not the issues before this court. Instead, here, Defendants appropriately and timely filed their removal documents in state court. They did not respond within five days to the Notice to Discharge the Lien. However, that does not effect the timing for proper removal in this court.

B. Personal Jurisdiction

Plaintiffs argue the Court lacks both general and specific personal jurisdiction over the parties. Initially, the Court notes that Plaintiffs have raised personal jurisdiction arguments as a basis for remand. Because state and federal courts have concurrent jurisdiction over certain persons, the arguments are usually made in terms of a motion to dismiss.

A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 (1984). Specific jurisdiction on the other hand is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

The Court finds that it has general personal jurisdiction over the parties. The Court has general personal jurisdiction over Plaintiffs because they are residents of the state of Arkansas. *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592-593 (8th Cir. 2011). The Court has general personal jurisdiction over Defendants because of their minimum contacts with the state and because Defendants have consented to personal jurisdiction. *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1394-95 (8th Cir. 1993); *Knowlton v. Allied Van Lines*, 900 F.2d. 1196, 1199 (8th Cir. 1990).

Plaintiffs next argue that the case should be remanded to Arkansas state court because this Court lacks specific personal jurisdiction over the Plaintiffs. Particularly, the Plaintiffs argue that the factors from *Land-O-Nod v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338 (8th Cir. 1983) favor state court jurisdiction.

The *Land-O-Nod* factors are misplaced in Plaintiffs' analysis. In *Land-O-Nod*, the Minnesota District Court denied a Motion to Dismiss, finding that the Court had personal jurisdiction over the defendant. The Eighth Circuit reversed, finding that the requisite relationship among the defendants, the forum state, and the litigation was lacking. Therefore, the *Land-O-Nod* factors aid a court in determining whether defendants have certain minimum contacts with the forum *state* such that maintenance of the suit in that *state* does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Plaintiffs are arguing that Defendants have minimum contacts with the state of Arkansas. Because the Court agrees, and Defendants are not contesting that assertion, it is fair for Defendants to be hailed into court in Arkansas, whether that be in a federal or state forum.[1]

### C.  Diversity of Citizenship

Finally, the Chesshirs argue that the Court lacks subject matter jurisdiction over the parties. First, they assert the parties are not completely diverse because Janelle White and Taylor & Taylor are citizens of Arkansas. Second, they argue the amount in controversy does not satisfy the jurisdictional minimum. Lastly, they argue that the Court's exercise of jurisdiction over this lawsuit would result in bifurcation of the case.[2]

### i.  Taylor & Taylor citizenship

It is undisputed that Plaintiffs are citizens of Arkansas. It is undisputed that Bradley Taylor and Molly Taylor are citizens of Texas. The Plaintiffs cite no law, and the Court can find none, to

---

[1] In fact, a defendant's minimum contacts with Arkansas is necessary for this Court to find that it has jurisdiction. If this Court lacked jurisdiction over a party every time the party had minimum contacts with the state of Arkansas, this Court's diversity jurisdiction would be rendered meaningless.

[2] Plaintiffs also allege that this Court lacks subject matter jurisdiction over the action because the causes of action are based on Arkansas law. Because it is well settled that federal courts have subject matter jurisdiction over cases grounded in state law when there is diversity of citizenship and the minimum amount in controversy, this argument has no merit.

support their argument that Taylor & Taylor's registration with the Arkansas Secretary of State and/or licensure with the Arkansas Contractor's License Board deem it to be a citizen of Arkansas. Instead, the Court finds support for the well-settled rule that the citizenship of a limited liability company is the citizenship of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Because Bradley Taylor and Molly Taylor are the only members of Taylor & Taylor, and they are citizens of Texas, the Court finds that Taylor & Taylor, LLC is a citizen of Texas.

### ii. Janelle White citizenship

Therefore, the question before the Court regarding diversity of citizenship is limited to the alleged fraudulent joinder of defendant Janelle White. It is undisputed that Janelle White is a citizen of Arkansas and therefore her presence in the lawsuit would destroy complete diversity should she remain. Defendants assert that Janelle White was fraudulently joined and the Court should disregard her citizenship for purposes of determining whether complete diversity exists. Plaintiffs assert that she is the "registered agent (officer)" of Taylor & Taylor.

A defendant is fraudulently joined when there is no reasonable basis to support a claim against the nondiverse defendant. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Defendant argues that White was improperly joined because (1) she was not a party to the contract between the Chesshirs and Taylor & Taylor; (2) her actions were under the authority of Taylor & Taylor and on behalf of a disclosed principle; and (3) all of the Plaintiffs' allegations against White are based on her actions within the course of her employment so they are not entitled to relief against her individually.

In their Complaint, the Chesshirs allege (1) Failure to Comply to Form of Lien; (2) Failure to Comply with Applicable Requirements of Lien; (3) Slander of Title; (4) Failure to Defend Owner from Lien Claimants; and (5) Slander of Title against all of the named Defendants. All actions that

White took were under the authority of Taylor & Taylor, a disclosed principle. Those actions cannot make her individually liable as a named Defendant in this action. *See Tallent, et al. v. Dwight Harshaw, et al.*, 592 F. Supp 66 (E.D. Ark. 1984). Even if all allegations in Plaintiffs' Complaint are proved to be true, they are not entitled to relief against White.

Therefore, she is a fraudulently joined defendant and her citizenship will not be considered when determining whether complete diversity of citizenship exists. Without White as a defendant, there is complete diversity such that jurisdiction is proper in federal court.

### iii. Amount in Controversy

For purposes of diversity of citizenship jurisdiction, 28 U.S.C. § 1332 gives federal district courts original jurisdiction of all civil actions between citizens of different States where the amount in controversy exceeds $75,000. The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum by a preponderance of the evidence. *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008); *see also James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). This standard applies regardless of whether "the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum." *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). This can be a complex task where, as here, the plaintiff prefers to litigate in state court. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("The complication is that a removing defendant can't make the plaintiff's claim for him . . . ."). Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

Plaintiffs seek damages against Defendants jointly and severally but are unclear about the amount of money damages they seek. On the face of their Complaint, the Chesshirs allege that they have paid to the Taylor Defendants and others an overpayment of $111,481.42. They also assert that they should be reimbursed a sum of $71,405.13, and that their estimated cost to correct or complete the work is $130,787.92. The Chesshirs seek judgment for (1) "treble costs" including the cost of litigation incurred to defend against Double Jay's allegedly fraudulent lien; (2) the amount of the lien itself ($13,443.16); (3) the damage allegedly caused by slander of title; (4) statutory treble damages; and (5) punitive damages. They allege that their damages are caused by Defendants. Therefore, the Court finds that, from the face of the Complaint, Plaintiffs are seeking an amount of damages in excess of the jurisdictional minimum. They have failed to show that the sum they are seeking is less than this. Therefore, the Court finds that it has subject matter jurisdiction over the action.

### iv. Bifurcation

Plaintiffs also argue that "[n]ot all of the claims addressed in Plaintiffs' initial Complaint filed within Miller County, Arkansas were properly removed to this Court," so in the interest of judicial economy, the case should be remanded to avoid bifurcation. In the Defendants' Notice of Removal, the entire case was removed from Miller County. (ECF No. 1). The Court fails to understand the argument that there would be a bifurcuated case.

### III. Conclusion

Accordingly, Plaintiffs' Motion to Remand (ECF No. 15) is **DENIED**.

**IT IS SO ORDERED**, this 6th day of April, 2015.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge