IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL CHESSHIR; and
JENNIFER CHESSHIR                                                                          PLAINTIFFS

v.                                    Case No. 4:14-cv-04162

DOUBLE JAY SUPPLY COMPANY;
BRADLEY TAYLOR d/b/a TAYLOR &
TAYLOR DEVELOPMENT, LLC;
MOLLY TAYLOR d/b/a TAYLOR &
TAYLOR DEVELOPMENT, LLC;
JANELLE WHITE d/b/a TAYLOR &
TAYLOR DEVELOPMENT, LLC;
TAYLOR & TAYLOR DEVELOPMENT,
LLC; BRADLEY TAYLOR; MOLLY
TAYLOR; and JANELLE WHITE                                                                  DEFENDANTS

**ORDER**

Before the Court is separate defendant Double Jay Supply Company's ("Double Jay") Motion to Dismiss. (ECF No. 7). The Plaintiffs have not responded. The Court finds this matter ripe for its consideration.

Double Jay has filed its motion pursuant to Arkansas Rule of Civil Procedure 12(b)(3), alleging improper venue in Arkansas state court. Title 28 U.S.C. § 1441(a) governs the venue of removed actions, *see Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953), and authorizes removal to the district court for the district and division embracing the place where the state court action is pending. A state law venue defect is not grounds for dismissal of a removed action. *St. Clair v. Spigarelli*, 348 F. App'x 190, 191 (8th Cir. 2009).[1]

Accordingly, Double Jay's Motion to Dismiss is hereby **DENIED**.

**IT IS SO ORDERED**, this 6th day of April, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] Additionally, the Court notes that Local Rule 7.2(a) requires Motions to Dismiss to be accompanied by a brief consisting of a concise statement of relevant facts and applicable law. Double Jay's motion, without an accompanying brief, fails to meet this requirement.